FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 17, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER J. AWBERY,<br><br>Defendant. | NO: 2:03-CR-175-RMP-1<br><br>ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE |

BEFORE THE COURT is Defendant's Motion to Reduce Sentence, ECF No. 142. *See also* ECF No. 134 (*pro se* Petition to Renew Motion Pursuant to 18 U.S.C. § 3582(c)(2)). The Court has considered the motion, the record, and is fully informed.

## BACKGROUND

On March 9, 2004, Defendant Christopher J. Awbery plead guilty to two counts: 1) Conspiracy to Distribute more than 500 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 846; and 2) Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C.

ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 1

§ 924(c)(1). ECF No. 65-1. The Court sentenced Mr. Awbery to 270 months of imprisonment followed by 5 years of supervised release on each count to run concurrently. ECF No. 88-1.

Mr. Awbery currently is incarcerated at FCI Oxford and his projected release date from the Bureau of Prisons ("BOP") is August 20, 2023.[1] Mr. Awbery is 42 years old and has received a COVID-19 vaccine. ECF Nos. 142 at 3, 146-1.

Defendant previously moved to reduce his sentence in 2015 pursuant to 18 U.S.C. § 3582(c) and Amendment 782. ECF No. 124. The Court concluded that since the Sentencing Commission lowered the guideline range for Defendant's § 846 sentence, Mr. Awbery was "potentially eligible for resentencing." ECF No. 126 at 3. However, the Court found that a reduction was not warranted at that time. *Id*. at 3–4.

On August 24, 2020, Mr. Awbery filed a Motion for Sentencing Reduction Pursuant to 18 U. S. C. § 3582(c)(2) and Amendment 782 of the Sentencing Guidelines. ECF No. 132. On September 2, 2020, the Court denied Mr. Awbery's motion with leave to renew. ECF No. 133. Defendant's motion did not contain any facts or argument relating to the Section 3553(a) factors. *Id*. at 3. However, the Court noted that several years had passed since the Defendant's first motion to reduce his sentence and that new circumstances might exist. *Id*. at 4.

---

[1] *See* Federal Bureau of Prisons, Find an Inmate (May 17, 2021), https://www.bop.gov/inmateloc/ (No. 10782-085).

ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 2

On November 2, 2020, the Defendant filed a Petition to Renew Motion Pursuant to 18 U.S.C. § 3582(c)(2). ECF No. 134. Upon reviewing Defendant's Renewed Motion, the Court construed the motion as a request for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 135 at 2. Pursuant to General Order 20-9-1 (Aug. 31, 2020), the Court appointed the Federal Defenders Office to assist with Defendant's pursuit of compassionate release. *Id*.

On April 19, 2021, Mr. Awbery, through counsel, filed a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 142. Mr. Awbery seeks to reduce his sentence to time-served, followed by five years of supervised release and an agreed-upon special condition of home confinement for the first year of supervised release. ECF No. 147 at 6.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 35 generally delineates the parameters of a district court's ability to modify a prison sentence once judgment is entered. That provision offers no relief to Defendant.

However, 18 U.S.C. § 3582(c)(1)(A) also reserves an opportunity for a reduced sentence if, after the Court considers the factors under 18 U.S.C. § 3553(a) to the extent that they are applicable, the Court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission[.]"

The U.S. Sentencing Commission has issued a policy statement recognizing certain circumstances as "extraordinary and compelling reasons" for purposes of compassionate release, so long as "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)":

> (A) Medical Condition of the Defendant.—
>
>> (i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory) ....
>>
>> (ii) The defendant is—
>>
>>> (I) suffering from a serious physical or medical condition,
>>>
>>> (II) suffering from a serious functional or cognitive impairment, or
>>>
>>> (III) experiencing deteriorating physical or mental health because of the aging process, that 'substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.'
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 4

    (C) Family Circumstances—

        (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

        (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

    (D) Other Reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13. Section 1B1.13, U.S.S.G., has not been updated since enactment of the First Step Act.

    As recently held by the Ninth Circuit, the current version of U.S.S.G. § 1B1.13 is not an "applicable policy statement[ ]" for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. Apr. 8, 2021). "In other words, the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant." *Id*. Nonetheless, "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id*. (citing *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)). District courts are free to consider "the full slate of extraordinary

ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 5

and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

## DISCUSSION

### A. Exhaustion of Remedies

Following enactment of the First Step Act, a federal prisoner may move on his own behalf for a sentence reduction and compassionate release after exhausting all administrative appeals of the BOP's refusal to bring such a motion or after "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Mr. Awbery submitted compassionate release requests to the warden at FCI Oxford on February 12, 2021, and March 19, 2021. ECF Nos. 142-1, 142-2, 142-8. On April 9, 2021, the warden denied Mr. Awbery's request. The Government agrees that for the purposes of this motion, Defendant has exhausted his administrative remedies. ECF No. 146 at 11. Accordingly, the Court finds that Mr. Awbery's motion is timely and will address the merits of his request.

### B. Extraordinary and Compelling Circumstances

A court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii)

ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 6

"such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

In light of the Ninth Circuit's decision, the current version of U.S.S.G. § 1B1.13 is not currently an "applicable" policy statement for § 3582(c)(1)(A) motions filed by a defendant; thus, the Court is not bound by U.S.S.G. § 1B1.13 in determining what constitutes "extraordinary and compelling reasons" in ruling on Defendant's motion. *Aruda*, 993 F.3d at 802. However, U.S.S.G. § 1B1.13 may nonetheless inform the Court's discretion. *Id*.

Mr. Awbery contends that a combination of extraordinary and compelling reasons warrant a sentence reduction, including Mr. Awbery's medical conditions of hypothyroidism, hepatitis C, a personal history of hypertension, and a familial history of colon cancer, as well as familial circumstances, specifically the need to provide care to his grandparents. ECF No. 142 at 16–19. Mr. Awbery's grandmother was recently diagnosed with congestive heart failure and chronic obstructive pulmonary disorder, leaving Mr. Awbery's 86-year-old grandfather to care for the two of them alone. ECF No. 142-5. Furthermore, in light of Amendment 782, Mr. Awbery would face a lesser sentencing guideline range of 168–210 months. ECF No. 142 at 22; *see also* ECF No. 126 at 3–5 (noting Mr. Awbery's eligibility for relief under Amendment 782, but declining to grant relief).

The Government agrees that the totality of the circumstances present an extraordinary and compelling reason for the Court to reduce Mr. Awbery's sentence.

ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 7

ECF No. 146 at 14 ("If the need to assist his grandparents is not alone a reason to reduce the Defendant's sentence, it is certainly in combination with the length of his imprisonment and his rehabilitation.").

The Court concurs and finds that Mr. Awbery's familial circumstances, in addition to the length of imprisonment, present extraordinary and compelling reasons justifying release.

**C. Section 3353(a) Factors**

Mr. Awbery argues that consideration of the 18 U.S.C. § 3553(a) sentencing factors weighs in favor of a sentencing modification. ECF No. 42 at 23–25. The Government concedes that the 18 U.S.C. § 3553(a) factors are more favorable to the Defendant today than they were in 2015 when Mr. Awbery moved and was denied a sentence reduction pursuant to 18 U.S.C. § 3582(c). ECF No. 146 at 15. These changes to the § 3553(a) analysis include six additional years of compliance with BOP rules, continued reduced classification to a "minimum" security camp, deterioration of his grandparents' health, and additional programming. ECF No. 147 at 5.

Section 3553(a) instructs courts to impose a sentence "sufficient, but not greater than necessary" to accomplish the goals of sentencing. 18 U.S.C. § 3553(a). The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing

ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 8

range established by the Sentencing Guidelines; (5) pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities among defendants who have similar criminal records and have been found guilty of similar conduct; and (7) the need to provide restitution to victims.

The Court agrees with the Government that the nature and circumstances of the underlying offenses were inherently serious; however, the sentencing guideline range for Defendant's drug offense has since been reduced by two levels, and Mr. Awbery has served more than 17 years in prison. As set forth by the Government, "the over 17-year sentence already served reflects the seriousness of the crime, promotes respect for the law and provided just punishment especially in light of the change in the Sentencing Guidelines which reduced the Defendant's Sentencing Guideline Range." ECF No. 146 at 16.

While incarcerated, Mr. Awbery has completed several educational courses, and earned his lift truck operator certification. ECF Nos. 142-9, 142-11. If released from incarceration, Mr. Awbery has significant family support, as well as a stable residence in Talkeetna, Alaska, where he will care for his ailing grandparents. ECF Nos. 142-5, 142-7. Given the support from Mr. Awbery's family, Mr. Awbery's rehabilitative efforts while incarcerated, and his current placement at a minimum security facility, the Court finds that Mr. Awbery does not present a danger to the safety of the community and his release plan will act as a sufficient deterrent to future criminal conduct. *See* 18 U.S.C. § 3553.

ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 9

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Reduce Sentence, **ECF No. 142**, is **GRANTED**. Defendant's *pro se* Petition to Renew Motion Pursuant to 18 U.S.C. § 3582(c)(2), **ECF No. 134**, is **DENIED AS MOOT.**

2. The remainder of Defendant's previously imposed sentence is reduced to **time served,** and an Amended Judgment shall issue. 18 U.S.C. § 3582(c)(1)(A).

3. The term of supervised release is 5 years on each count to run concurrently. ECF No. 88 at 3. Defendant shall be subject to mandatory, standard, and special conditions of release, including the following **mandatory** conditions:

   a. You must not commit another federal, state or local crime.

   b. You must not unlawfully possess a controlled substance, including marijuana, which remains illegal under federal law.

   c. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

   d. You must cooperate in the collection of DNA as directed by the probation officer.

Defendant shall also be subject to the following **standard** conditions:

   a. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

   b. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 10

c. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

d. You must be truthful when responding to the questions asked by your probation officer.

e. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

f. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

g. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities) you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

h. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

i. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

j. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e. anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 11

k.  You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

l.  If this judgment imposes restitution, a fine, or special assessment, it is a condition of supervised release that you pay in accordance with the Schedule of Payments sheet of [the Amended] judgment.  You shall notify the probation officer of any material change in your economic circumstances that might affect your ability to pay any unpaid amount of restitution, fine, or special assessments.

m.  You must follow the instructions of the probation officer related to the conditions of supervision.

Defendant shall also be subject to the following **special** conditions:

a.  You must submit your person, residence, office, or vehicle and belongings to a search, conducted by a probation officer, at a sensible time and manner, based upon reasonable suspicion of contraband or evidence in violation of a condition of supervision.  Failure to submit a search may be grounds for revocation. You must warn persons with whom you share a residence that premises are subject to search.

b.  You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court.  You must contribute to the cost of treatment according to your ability to pay.  You must allow full provider reciprocal disclosure between the supervising officer and treatment.

c.  You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

d.  You must not enter into or remain in any establishment where alcohol is the primary item of sale.  You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

e.  You shall have no contact with any of the co-defendants, by letter or other communication devices, audio or visual devises, or through a third party,

ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 12

unless authorized by the supervising probation officer.  You shall not enter the premises or loiter within 1000 feet of their residence or place of employment.  This provision does not apply to his mother Ms. Hutchinson who is a co-defendant, 2:03-CR-00216-FVS-1.

Defendant shall also be subject to the following **additional** special condition:

  f. For a period of 12 months, you are restricted to your residence at all times, except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by your supervising officer (home detention).  At the discretion of your supervising officer, electronic home monitoring equipment or other alternative methods of supervision may be employed to confirm compliance.  If there is a cost associated with this equipment, you shall contribute according to your ability to pay.

  4. This order is **stayed for up to fourteen days** for the verification of Defendant's residence and release plan, to make appropriate travel arrangements, and to ensure Defendant's safe release.  The Defendant shall be released as soon as the residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for Defendant to travel.  If more than fourteen days are needed to confirm Mr. Awbery's living arrangements, and ensure Mr. Awbery's safe release, the United States Probation Office or the parties shall immediately notify the Court and explain why the stay should be extended.

  5. An Amended Judgment shall be issued reflecting the reduction of Defendant's sentence to time served, the supervised release term, and the additional special condition.

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order, provide copies to counsel and the United States Probation Office, and set a 14-day case management deadline.

**DATED** May 17, 2021.

                            *s/ Rosanna Malouf Peterson*
                            ROSANNA MALOUF PETERSON
                                United States District Judge

ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 14